## LERNER v. KRAUS.

(Supreme Court, Appellate Term, First Department. March 16, 1914.)

1. DISCOVERY (§ 8*)—EXAMINATION BEFORE TRIAL—PURPOSE.

The purpose of an examination of an adverse party before trial is to enable the moving party to obtain testimony for use at the trial, and not to enable him to cross-examine his adversary or to obtain advance knowledge of his adversary's evidence.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 8, 9; Dec. Dig. § 8.*]

2. DISCOVERY (§ 13*)—EXAMINATION BEFORE TRIAL—DEFENSES.

An application for examination of a party before trial should be denied, where it fairly appears that the claim that the examination is sought to obtain testimony for use at the trial is a mere cloak for some other purpose.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 14; Dec. Dig. § 13.*]

3. DISCOVERY (§ 13*)—ADVERSE PARTY—EXAMINATION BEFORE TRIAL—CAUSE OF ACTION—DENIAL.

That plaintiff's cause of action is denied by defendant under oath, while not ground for refusing plaintiff a right to examine defendant before trial, may nevertheless be considered on the probability of plaintiff's good faith in seeking such examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 14; Dec. Dig. § 13.*]

4. DISCOVERY (§ 9*)—ADVERSE PARTY—EXAMINATION BEFORE TRIAL—LIMITATION.

Where, in a broker's action for the agreed price of services rendered in obtaining a tenant for defendant's building, plaintiff's cause of action was denied by defendant under oath, an order granting plaintiff's application to examine defendant before trial as to matters which plaintiff must prove, and of which defendant had personal knowledge, should be limited by excluding inquiry of conversations had between plaintiff and defendant.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 10; Dec. Dig. § 9.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Isidor Lerner against George J. Kraus. From an order of the New York City Court denying defendant's motion for an order limiting his examination before trial, he appeals. Reversed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Charles L. Hoffman, of New York City (Henry Friedman, of counsel), for appellant.
S. G. Nissenson, of New York City, for respondent.

LEHMAN, J. The plaintiff sues the defendant for the agreed price of services rendered in obtaining a tenant for a building. The answer is a general denial. The plaintiff obtained an order for the examination of the defendant in regard to matters which the plaintiff must prove, and of which the defendant has personal knowledge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant then moved to limit the examination by excluding inquiry of conversations had between the plaintiff and the defendant.

[1, 2] It is well established that the purpose of an examination before trial is to enable the moving party to obtain testimony for use at the trial, and not to enable him to cross-examine his adversary, or to obtain in advance knowledge of the evidence of his adversary. While ordinarily an examination of an adverse party will be granted, where it is shown that such an examination is sought for the purpose of obtaining his testimony upon issues which the moving party must in the first instance establish, it should be refused, where it fairly appears that the claim that the examination is sought for the purpose of obtaining testimony for use at the trial is merely a cloak for some other purpose.

[3, 4] In this case the plaintiff's cause of action is denied by the defendant under oath; and, though this fact in itself obviously is no ground for refusing an examination, yet it is a fact to be considered upon the probability of the good faith of the moving party in seeking the examination. Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737. So far as the examination concerns matters outside of the conversations personally had with the plaintiff, it may well be that the plaintiff is seeking the examination in good faith, but it is so improbable that the plaintiff expects to obtain from an examination as to these conversations testimony which he could use at the trial that I am constrained to the view that, as to such matters, the examination is sought merely to obtain in advance the version of the conversations with which the defendant expects to meet the plaintiff's affirmative case.

The order denying the defendant's motion to limit the scope of the examination should therefore be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.

BIJUR, J., concurs.

SEABURY, J. I dissent. Under the guise of asking for a modification of the order of examination, the defendant practically seeks its nullification. That this is so appears from an examination of the issues upon which the court below directed an examination.

The action is brought to recover broker's commissions for effecting a lease of a theater belonging to a firm composed of the defendant and Timothy D. Sullivan. Sullivan is now dead, and the defendant is the sole surviving member of the firm. The complaint contains the allegations usual in such an action. The answer is a general denial. The order of examination strictly limited the examination to the facts "pleaded in paragraphs Nos. 2, 3, 4, and 5 of the plaintiff's complaint herein as set forth in the annexed affidavit." The issues in dispute, and referred to in the order of examination, relate to the ownership of the theater in question, to the claim that the defendant conducted the transaction in his capacity as sole surviving member of the firm, the plaintiff's employment by the defendant and the terms of the employment, that the plaintiff introduced the tenant to the defendant, and that the

defendant accepted such tenant and promised and agreed to pay the plaintiff brokerage. The defendant moved to "modify" the order so as to prevent "all inquiry concerning any conversations between the plaintiff and defendant." I think the court below properly denied the motion. I see no reason for preventing an examination as to such conversations. The conversations may be essential to the establishment of the plaintiff's cause of action. If it was in the course of these conversations that the defendant stated that he owned the theater in question, and that the defendant employed the plaintiff to act as broker and agreed to pay him for his services, and that the plaintiff introduced the proposed tenant to the defendant, and the defendant agreed to accept such tenant, surely it would then be proper to inquire into these conversations and to examine the defendant in relation to them. The essential facts and elements that constitute the cause of action alleged may rest entirely upon these alleged conversations. To prevent the plaintiff from inquiring into the conversations between the plaintiff and the defendant is equivalent to denying the plaintiff the right to examine the defendant at all. If the order is to be so modified as to preclude any examination as to the matters in issue, it might as well be denied altogether. The order made seems to me to be such an order as is usually and customarily granted in cases of this character, and I can see no basis for inferring that it was sought in bad faith. The denial of the defendant in the answer furnishes no reason for not granting the relief sought. It has been repeatedly held that the fact that the defendant denies the allegations of the complaint is no reason for withholding an order for examination.

In my judgment the order appealed from is proper, and should be affirmed.